UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
WILLIAM R. EXUM,                                            :
                                                            :
                    Plaintiff,                              :
                                                            : **MEMORANDUM DECISION AND**
            - against -                                     : **ORDER**
                                                            :
NYC HEALTH AND HOSPITALS, CORP.,                            : 15 Civ. 3367 (BMC)
                                                            :
                    Defendant.                              :
----------------------------------------------------------- X

**COGAN,** District Judge.

On June 9, 2015, plaintiff filed this *in forma pauperis* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and, on September 4, 2015, he filed an amended complaint. Plaintiff alleges that he was discriminated against on the basis of his race and his arrest and conviction record. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismisses his complaint for the reasons set forth below.

## BACKGROUND

Plaintiff alleges that he was discriminated against when he was denied employment with defendant New York City Health and Hospitals Corporation on multiple occasions due to his arrest and conviction record. Plaintiff alleges that defendant's failure to hire him because of his criminal arrest and conviction record adversely affects African Americans in violation of Title VII.

In October 2009, plaintiff first applied for a position of "special officer" with the New York City Health and Hospitals Corporation. The position of special officer is designated as a "peace officer" pursuant to New York Criminal Procedure Law Section 2.10 and one of the

1

requirements for the position include demonstrating good moral character. As part of his application, plaintiff underwent a background investigation. Following the background investigation, plaintiff was denied employment based on his arrest and conviction record and his failure to accurately disclose his employment history.

Plaintiff commenced an Article 78 proceeding challenging the decision to deny him employment. By order dated October 23, 2013, the Honorable Richard Velasquez remanded the action for a new determination based upon the eight factors enumerated in New York Correction Law § 753 (1) and the statutory presumption of rehabilitation with respect the Certificate of Good conduct which plaintiff produced. To date, plaintiff has been denied employment by defendant.

## **STANDARD OF REVIEW**

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read such a complaint liberally and interpret it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89 (2007). Under 28 U.S.C. § 1915(e)(2)(B), however, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is fails to state a claim on which relief may be granted.

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the petitioner pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although "detailed

factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

## **DISCUSSION**

Plaintiff's complaint and amended complaint fails to state a claim upon which relief may be granted. Title VII makes it an unlawful employment practice for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). Title VII prohibits intentional discrimination, known as "disparate treatment," as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities, known as "disparate impact." Ricci v. DeStefano, 557 U.S. 557 (2009).

A discrimination complaint "must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." EEOC v. Port Auth. of New York & New Jersey, 768 F.3d 247, 254 (2d Cir. 2014) (internal quotations and citations omitted). To the extent that plaintiff seeks to assert a claim based on a theory of discrimination tied to his criminal record, his complaint fails to state a claim upon which relief may be granted. Individuals with an arrest or conviction record are not a protected class under Title VII, and any discrimination plaintiff feels he suffered on that basis is not actionable under Title VII.

Plaintiff also fails to allege any facts to support a claim for disparate impact. To prove disparate impact discrimination, "a plaintiff must (1) identify a policy or practice, (2) demonstrate that a disparity exists, and (3) establish a causal relationship between the two."

3

Malave v. Potter, 320 F.3d 321, 325 (2d Cir. 2003) (citation omitted). It is insufficient to allege only that there is a bottom line racial imbalance in the work force. See Brown v. Coach Stores, Inc., 163 F.3d 706 (2d Cir. 1998).

Here, plaintiff's allegation of disparate impact based on race is wholly conclusory. He fails to allege any facts to identify a facially neutral policy, or to show that the policy disproportionately had an adverse effect on a protected class of individuals. As pled, the complaints fail to give rise to an inference of discrimination based on a theory of disparate impact. If plaintiff wants to proceed on a disparate impact claim, he must plead facts showing that minorities are disproportionately refused employment at this employer as a result of the employer's consideration of criminal history. This is a difficult claim to plead, and the Court is skeptical that plaintiff has a sufficient factual basis in fact to raise it. Nevertheless, given his *pro se* status, the Court will provide him with one further opportunity.

Further, it appears that plaintiff's claim is likely time-barred. Before bringing a claim in federal court alleging a violation of Title VII, an individual must first timely raise his complaint with the Equal Employment Opportunity Commission ("EEOC"). Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135 (2d Cir. 2012). A complaint must be brought to the EEOC within 300 days of the alleged unlawful employment practice when "the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e–5(e)(l).

When a plaintiff's claims fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of the suit if plaintiff can show that he is entitled to equitable tolling. See Fowlkes v. Ironworkers Local 40, 790 F.3d 378 (2d Cir. 2015). In order to apply equitable tolling to the 300-day filing period, plaintiff has the burden of showing that

4

extraordinary circumstances prevented him from timely filing the discrimination charge. See Boos v. Runyon, 201 F.3d 178 (2d Cir. 2000). Here, plaintiff fails to suggest any reason as to why his charge of discrimination was not timely filed, let alone extraordinary reasons.

## **CONCLUSION**

Plaintiff's complaint and amended complaint are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In light of plaintiff's *pro se* status, he is granted 20 days leave to amend the complaint in accordance with this Order. If he elects to file a second amended complaint, he must allege sufficient facts to assert a Title VII disparate impact claim. Moreover, should plaintiff choose to file a second amended complaint, he must submit information detailing the extraordinary circumstances that prevented him from filing his administrative claim with the EEOC during the 300-day filing period.

The amended complaint must be submitted to the Court within 20 days from the date of this Order. The amended complaint should be captioned as "Second Amended Complaint" and bear the same docket number as this Order. Plaintiff is advised that the second amended complaint will replace all prior complaints and thus must stand on its own, without reference to the two prior complaints. All further proceedings shall be stayed for 20 days. If plaintiff fails to file a second amended complaint within 20 days of the date of this Order, the Court shall enter

judgment dismissing this action.  The Court certifies pursuant to 28 U.S.C. § 19l5(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
       September 25, 2015